**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TRAVELERS INDEMNITY COMPANY OF       )   Case No. 14-cv-02378
CONNECTICUT; and ST. PAUL FIRE       )
AND MARINE INSURANCE COMPANY,        )   ORDER REQUESTING ADDITIONAL
                                     )   BRIEFING
            Plaintiffs,              )
                                     )
      v.                             )
                                     )
CENTEX HOMES; and CENTEX REAL        )
ESTATE CORPORATION,                  )
                                     )
            Defendants.              )
                                     )
                                     )
                                     )
                                     )
_____)

        Now pending before the Court is Defendants' motion to dismiss
Plaintiffs' First Amended Complaint, ECF No. 20 ("FAC"), for lack
of subject-matter jurisdiction and failure to state a claim.  ECF
No. 21 ("Mot.").  Plaintiffs have opposed the motion, ECF No. 22,
and Defendants have replied.  ECF No. 25.  The only basis for
subject-matter jurisdiction asserted in the FAC is diversity
jurisdiction under 28 U.S.C. Section 1332.  FAC ¶ 6.  That statute
invests federal district courts with original jurisdiction over
civil actions in which the parties are diverse and the amount in
controversy exceeds $75,000.  28 U.S.C. § 1332(a).  Defendants do
not dispute that diversity exists, but they claim that the amount

United States District Court
For the Northern District of California

1   in controversy does not exceed $75,000.

2        The amount in controversy in this case will be defined almost

3   exclusively by the fees and costs incurred by Defendants in an

4   underlying lawsuit in California state court.  Defendants argue

5   that the amount in controversy does not exceed $75,000 because, at

6   the time the suit was filed, "Travelers had not paid anything in

7   defense fees and costs, and the total defense fees and costs

8   incurred by Centex Homes and Centex Real Estate were only

9   $6,304.33 . . . ."  Mot. at 16.  Plaintiffs retort that they expect

10  the fees in the underlying action to exceed $300,000 before that

11  case is concluded.  Opp'n at 18.  However, Plaintiffs' pleadings

12  cast doubt on that assertion.

13       One of Plaintiffs' claims is for equitable reimbursement.  FAC

14  ¶¶ 36-40.  The parties agree that, to state a claim for equitable

15  reimbursement, an insurer must defend a third-party action in its

16  entirety.  See Mot. at 13; Opp'n at 13.  The underlying state

17  action is ongoing, but Plaintiffs assert that their duty to defend

18  ceased upon Defendants' alleged breach of the insurance contract.

19  Therefore, Plaintiffs claim, they have honored their duty to

20  defend.  According to Plaintiffs, an insurer defends an action in

21  its entirety when it defends until either "the underlying lawsuit

22  is concluded or at any time when it can be shown that there is no

23  potential for coverage under the particular policy or policies."

24  Opp'n at 14 (emphasis added).  To that end, Plaintiffs plead in

25  their FAC that "[a]s a result of CENTEX's breach of the insurance

26  policies . . . , TRAVELERS' duty to defend CENTEX has now ceased

27  and any payments made to CENTEX for fees incurred from the date of

28  tender until the date of CENTEX's breach constitute an entire

1  defense." FAC ¶ 38 (emphasis added).

2       It is unclear to the Court how Plaintiffs' arguments regarding

3  the amount in controversy and the duty to defend can be consistent.

4  On one hand, Plaintiffs allege that their duty to defend has ceased

5  and that there is no potential for coverage under any of

6  Defendants' policies.  They also assert that the fees and costs

7  incurred from the date of tender until the date of the alleged

8  breach constitute an entire defense.  On the other hand,

9  Plaintiffs' sole argument for subject-matter jurisdiction depends

10 upon fees and costs that will be incurred in the future -- after

11 Plaintiffs' duty to defend has ceased, after the point at which

12 there is no potential for coverage, and after Plaintiffs have

13 honored their duty to provide an entire defense.  If it is true

14 that Plaintiffs have already honored their duty to defend the

15 underlying litigation in its entirety, the Court does not

16 understand how the amount in controversy could possibly exceed the

17 approximately $6,304.33 incurred to date.

18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

Neither party has briefed this issue.  Accordingly, the Court hereby ORDERS Plaintiffs to submit to the Court, within fourteen (14) days of the signature date of this order, a supplemental brief of not more than ten (10) pages explaining how the amount in controversy requirement can be met in this case.  Defendants may submit a supplemental response brief on this issue within ten (10) days of Plaintiffs' submission.


IT IS SO ORDERED.


Dated: November 17, 2014

UNITED STATES DISTRICT JUDGE