**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TRAVELERS INDEMNITY COMPANY OF ) Case No. 14-cv-02378
CONNECTICUT; and ST. PAUL FIRE )
AND MARINE INSURANCE COMPANY, ) ORDER GRANTING MOTION TO
                                  ) <u>DISMISS</u>
          Plaintiffs,             )
                                  )
      v.                          )
                                  )
CENTEX HOMES; and CENTEX REAL     )
ESTATE CORPORATION,               )
                                  )
          Defendants.             )
                                  )
                                  )
                                  )
_____   )

**I.  <u>INTRODUCTION</u>**

Now pending before the Court is Defendants Centex Homes and

Centex Real Estate Corporation's (collectively "Defendants" or

"Centex") motion to dismiss Plaintiffs' First Amended Complaint,

ECF No. 20 ("FAC"), for lack of subject-matter jurisdiction and

failure to state a claim.  Plaintiffs Travelers Indemnity Company

of Connecticut ("Travelers Indemnity") and St. Paul Fire and Marine

Insurance Company ("St. Paul") oppose the motion.  The motion is

///

///

**United States District Court**
For the Northern District of California

1   fully briefed[1] and suitable for decision without oral argument

2   pursuant to Civil Local Rule 7-1(b).  For the reasons set forth

3   below, Defendants' motion to dismiss is GRANTED.  Plaintiffs'

4   equitable reimbursement and breach of contract claims are DISMISSED

5   WITHOUT PREJUDICE.  Plaintiffs' declaratory relief claims are

6   DISMISSED WITHOUT PREJUDICE to the extent that they are premised on

7   Centex's violation of its duty to cooperate.

8

9   **II.  <u>BACKGROUND</u>**

10       This is one of a large number of similar insurance disputes

11  between these parties.  Centex builds homes.  FAC ¶ 3.  Travelers

12  Indemnity and St. Paul (collectively "Plaintiffs") are insurers.

13  <u>Id.</u> ¶¶ 1-2.  Travelers Indemnity issued two insurance policies to

14  Golden State Carpet Service, Inc. (the "Golden Carpet Policies"),

15  and St. Paul issued insurance to Mike McCall Landscape, Inc. (the

16  "Mike McCall Policy").  <u>Id.</u> ¶¶ 8, 10.  The Golden Carpet Policies

17  granted Travelers Indemnity the right to retain counsel of its

18  choosing in representing the insured (or any additional insureds)

19  and included a covenant requiring the insured to cooperate with

20  Travelers Indemnity in the investigation or settlement of any

21  covered claim or lawsuit against the insured.  <u>Id.</u> ¶ 9.  The Golden

22  Carpet Policies also prohibited the insured from voluntarily making

23  any payment towards its defense without Travelers Indemnity's

24  consent.  <u>Id.</u>  The Mike McCall Policy granted St. Paul the right to

25  retain counsel of its choosing to represent the insured (or any

26  ///

27

28  [1] ECF Nos. 21 ("Mot."); 22 ("Opp'n"); 25 ("Reply"); 30 ("Travelers
    Supp. Br."); 32 ("Centex Supp. Br.").

additional insureds) and required the insured to cooperate with St. Paul in any defense covered by the policy. Id. ¶ 11.

In January 2014, several owners of homes in Brentwood, California filed suit against Centex in California state court, alleging a number of construction defects (the "Underlying Action"). Id. ¶ 12. On May 2, 2014, Centex tendered the Underlying Action to Plaintiffs as an additional insured under the Golden Carpet Policies and the Mike McCall Policy. Id. ¶ 13. Plaintiffs responded on May 23, 2014 by agreeing to defend Centex under a reservation of rights and asserting its right to retain counsel of its choice. Id. ¶¶ 14-16. Plaintiffs appointed David Lee to represent Centex in the Underlying Action. Id. ¶¶ 14, 17. On June 18, 2014, Centex responded to Plaintiffs' reservation of rights letters by asserting its right to independent counsel. Centex also insisted that Plaintiffs pay the fees of Centex's independent counsel, Newmeyer & Dillon ("Newmeyer"). Centex informed Plaintiffs that if they refused to pay Newmeyer's fees, Centex would agree to allow Mr. Lee to defend the action only if Plaintiffs agreed to pay Mr. Lee's fees as well as all vendor invoices in the action. Centex also claimed that conflicts exist between Mr. Lee and Centex, and informed Plaintiffs that Centex would file a motion to disqualify counsel and reserved its right to seek reimbursement for Newmeyer's fees. Id. ¶ 17.

In response to Centex's letter, Plaintiffs filed this lawsuit in federal court. Plaintiffs seek declaratory relief under California law, in the form of a declaration that, with respect to both the Golden Carpet and Mike McCall policies, (1) Plaintiffs have the right to control Centex's defense in the Underlying

Action; (2) Centex is not entitled to the appointment of
independent counsel; (3) Centex has breached its duty to cooperate;
and (4) Centex's appointment of independent counsel constitutes a
voluntary payment for which Plaintiffs are not obligated to
reimburse Centex.  Id. ¶¶ 21, 26.  Plaintiffs also seek equitable
reimbursement for any fees they have paid or will pay in defending
Centex in the underlying action.  Centex now moves to dismiss.

**III.  LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure
12(b)(6) "tests the legal sufficiency of a claim."  Navarro v.
Block, 250 F.3d 729, 732 (9th Cir. 2001).  "Dismissal can be based
on the lack of a cognizable legal theory or the absence of
sufficient facts alleged under a cognizable legal theory."
Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.
1988).  "When there are well-pleaded factual allegations, a court
should assume their veracity and then determine whether they
plausibly give rise to an entitlement to relief."  Ashcroft v.
Iqbal, 556 U.S. 662, 679 (2009).  However, "the tenet that a court
must accept as true all of the allegations contained in a complaint
is inapplicable to legal conclusions.  Threadbare recitals of the
elements of a cause of action, supported by mere conclusory
statements, do not suffice."  Id. (citing Bell Atl. Corp. v.
Twombly, 550 U.S. 544, 555 (2007)).  The allegations made in a
complaint must be both "sufficiently detailed to give fair notice
to the opposing party of the nature of the claim so that the party
may effectively defend against it" and "sufficiently plausible"
such that "it is not unfair to require the opposing party to be

1  subjected to the expense of discovery." <u>Starr v. Baca</u>, 652 F.3d
2  1202, 1216 (9th Cir. 2011).

3

4  **IV.  DISCUSSION**

5       **A.   Diversity Jurisdiction**

6       The only basis for subject-matter jurisdiction that Plaintiffs
7  assert is diversity jurisdiction under 28 U.S.C. Section 1332.  FAC
8  ¶ 6.  Section 1332 provides for federal jurisdiction in cases
9  between parties of diverse citizenship in which the amount in
10 controversy exceeds $75,000.  Jurisdiction is determined at the
11 time a lawsuit is filed.  <u>Grupo Dataflux v. Atlas Global Grp.,</u>
12 <u>L.P.</u>, 541 U.S. 567, 570-71 (2004).  The amount in controversy is
13 ordinarily determined from the face of the pleadings.  If a
14 defendant raises a factual challenge to jurisdiction, dismissal is
15 warranted only if it appears to a legal certainty that the required
16 amount cannot be recovered.  <u>Pachinger v. MGM Grand Hotel-Las</u>
17 <u>Vegas, Inc.</u>, 802 F.2d 362, 363-64 (9th Cir. 1986).

18      There is no dispute that the parties in this case are diverse,
19 but Centex argues that the amount in controversy does not exceed
20 $75,000, for two reasons.  First, Centex argues that Plaintiffs
21 improperly aggregate the claims by the two plaintiffs against the
22 two defendants in this case.  Second, Centex asserts that, at the
23 time the lawsuit was filed, the amount in controversy did not
24 exceed $75,000.

25           **1.   Aggregation**

26      Centex first argues that Plaintiffs improperly aggregate the
27 claims between the two plaintiffs and the two defendants to reach
28 the jurisdictional threshold.  Plaintiffs counter by arguing that

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

"[c]laims against two or more defendants may be aggregated for the purpose of attaining the jurisdictional amount if they are jointly liable to the plaintiff." Opp'n at 17.  Oddly, Travelers cites in support <u>United States v. Southern Pacific Transportation Company</u>, in which the Ninth Circuit held that the plaintiffs' claims could <u>not</u> be aggregated to meet the amount in controversy.  543 F.2d 676, 683 (9th Cir. 1976).  Regardless, the problem here is <u>not</u> that each plaintiff's claims may not be aggregated against both defendants. The problem is that there are two different plaintiffs (Travelers Indemnity and St. Paul) whose claims stem from two different insurance contracts.[2]

Applying <u>Southern Pacific</u> -- the case Travelers cites -- is rather straightforward.  In that case, the Ninth Circuit held that the plaintiffs could aggregate their claims only if those claims derived from rights the plaintiffs held in group status.  <u>Id.</u> Here, Travelers Indemnity and St. Paul do not hold any rights in group status; their rights come from separate contracts with different entities (Travelers Indemnity contracted with Golden State Carpets, while St. Paul contracted separately with Mike McCall Landscape).

Unfortunately for Centex, the prohibition on aggregation does not matter at all in this case.  As discussed below, Plaintiffs assert that the fees and costs they will incur in defending the

---

[2] That is, the issue is not that St. Paul's claims may not be aggregated against Centex Homes and Centex Real Estate, or that Travelers Indemnity's claims may not be aggregated against Centex Homes and Centex Real Estate.  The problem is that St. Paul's claims are separate from Travelers Indemnity's claims, and <u>those</u> claims may not be aggregated.  Plaintiffs give this issue short shrift in their brief and do not explain why they believe that two different contracts involving entirely distinct parties give them rights held in group status.

Underlying Action will exceed $300,000.  Thus, if the Court were to accept Plaintiffs' estimate of the amount in controversy, it follows that the amount in controversy in at least one plaintiff's claims must exceed the jurisdictional threshold.[3]  Because the Court would then have jurisdiction over at least one plaintiff's claims, supplemental jurisdiction would exist over the other plaintiff's claims.  See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 559 (2005) ("If the court has original jurisdiction over a single claim in the complaint, it has original jurisdiction over a 'civil action' within the meaning of § 1367(a), even if the civil action over which it has jurisdiction comprises fewer claims than were included in the complaint.").  Accordingly, Plaintiffs' (admittedly improper) aggregation of Plaintiffs' claims fails to divest the Court of jurisdiction.

> **2.  <u>Amount in Controversy</u>**

In each of their three claims, Plaintiffs seek damages in the amount of all defense or indemnification fees and costs they have paid or will pay on Centex's behalf in the Underlying Action.  FAC ¶¶ 31, 35, 40.  According to Centex, at the time Plaintiffs filed suit, Centex had incurred only $6,304.33 in fees and costs in the Underlying Action, and none of those fees or costs had been paid by Plaintiffs.  ECF No. 21-1 ("O'Connell Decl.") ¶¶ 4, 6.  Where, as here, a plaintiff brings a claim for declaratory relief, the amount in controversy "is not what might have been recovered in money, but rather the value of the right to be protected or the injury to be

---

[3] Assuming <u>arguendo</u> that one plaintiff's claims are worth $75,000 (the maximum amount that would fail to satisfy the amount in controversy requirement), the other plaintiff's claims would be worth $225,000, and the Court would have jurisdiction over the second plaintiff's claims.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1  prevented."  Jackson v. Am. Bar Ass'n, 538 F.2d 829, 831 (9th Cir.

2  1976).  The Ninth Circuit has warned that "insurance companies may

3  not be permitted, under the guise of seeking declaratory judgments,

4  to drag into the federal courts the litigation of claims over

5  which, because involving less than the jurisdictional amount, it

6  was never intended that the federal courts should have

7  jurisdiction."  Canadian Indem. Co. v. Republic Indem. Co., 222

8  F.2d 601, 604 (9th Cir. 1955) (quoting Mut. Life Ins. Co. of New

9  York v. Moyle, 116 F.2d 434, 437 (4th Cir. 1940)).

10      Plaintiffs accept Centex's figures and do not claim that they

11  have paid anything at this point.  Opp'n at 18.  However,

12  Plaintiffs assert that they expect fees and costs in the Underlying

13  Action to total over $300,000.  Centex argues that, because

14  jurisdiction is determined at the moment a case is filed, the Court

15  may not consider future fees and costs in determining the amount in

16  controversy.

17      District courts in California are split as to whether future

18  fees and costs may be considered in calculating the amount in

19  controversy.  Compare Travelers Cas. Ins. Co. of Am. v. Am. Home

20  Realty Network, Inc., No. C 12-2637 PJH, 2013 WL 271668, at *3-4

21  (N.D. Cal. Jan. 24, 2013) (Hamilton, J.) (holding that because

22  "Travelers did not notify defendants that it had accepted the

23  tender of the . . . action until June 7, 2012, and had not incurred

24  any defense costs until that point, there was no amount in

25  controversy as of May 22, 2012 when the complaint was filed -- and

26  thus, no diversity jurisdiction."), with Travelers Cas. Ins. Co. of

27  Am. v. Am. Home Realty Network, Inc., No. 13-0360 SC, 2013 WL

28  1808984, at *5 (N.D. Cal. Apr. 29, 2013) ("The Court finds that

United States District Court
For the Northern District of California

1  Travelers has shown, based on its pleadings, declarations, and

2  arguments, that a duty to defend the Regional Action would result

3  in costs totaling more than $75,000 . . . .") (Conti, J.), and

4  Travelers Indem. Co. of Conn. v. Centex Homes, No. 1:14-CV-217-LJO-

5  GSA, 2014 WL 2002320, at *5 (E.D. Cal. May 15, 2014) (O'Neill, J.)

6  ("[T]he Court finds that subject matter jurisdiction exists because

7  Plaintiffs allege their anticipated costs in defending Centex . . .

8  exceed $75,000.").  The undersigned has previously held that future

9  fees and costs may be considered part of the "injury to be

10  prevented" under Jackson, and the Court continues to so hold.  See

11  Am. Home Realty, 2013 WL 1808984, at *5.

12      However, there is a wrinkle here that was not raised in

13  American Home Realty.  In addition to its declaratory relief

14  action, Plaintiffs bring a claim for equitable reimbursement.  An

15  insurer may only seek a claim for equitable reimbursement "after

16  providing an entire defense."  State v. Pac. Indem. Co., 63 Cal.

17  App. 4th 1535, 1550 (Cal. Ct. App. 1998) (emphasis in original).

18  To support their claim, therefore, Plaintiffs allege that

19  "TRAVELERS' duty to defend CENTEX has now ceased and any payments

20  made to CENTEX for fees incurred from the date of tender until the

21  date of CENTEX's breach constitute an entire defense."  FAC ¶ 38.

22  But if the Court were to presume the truth of that allegation --

23  and therefore to accept that Plaintiffs have already provided an

24  entire defense -- then it is difficult to see how Plaintiffs can

25  assert that the amount in controversy is dependent on future costs

26  of defense.

27      For two reasons, the Court finds that it may consider future

28  fees and costs for the amount in controversy, even in the face of

**United States District Court**
For the Northern District of California

1  Plaintiffs' allegations.  First, the Court holds that the
2  allegations that Plaintiffs' duty to defend has ceased and that
3  Plaintiffs provided an entire defense are legal conclusions, not
4  factual allegations.  As a result, they are not entitled to a
5  presumption of truth.  See Iqbal, 556 U.S. at 679.  Second, if
6  Plaintiffs were instead to bring this lawsuit after the Underlying
7  Action had ceased, Plaintiffs would presumably have incurred the
8  costs they anticipate -- so those costs constitute the value of the
9  injury to be prevented.  As a result, it is still proper to
10 consider the future cost of litigating in the amount in
11 controversy, consistent with Jackson.  The Court finds that it has
12 diversity jurisdiction over this case because the parties are
13 diverse and it does not appear to a legal certainty that the amount
14 in controversy does not exceed $75,000.

15      **B.    Ripeness**

16          **1.    Duty to Cooperate**

17      Plaintiffs' breach of contract claim and some of Plaintiffs'
18 declaratory relief claims are premised on Centex's alleged failure
19 to fulfill the duty to cooperate mandated by the insurance
20 policies.  FAC ¶¶ 20(c), 25(c), 29, 33.  Centex argues that
21 Plaintiffs' claims based on breach of the duty to cooperate are not
22 ripe.

23      "If a case is not ripe for review, then there is no case or
24 controversy, and the court lacks subject-matter jurisdiction."
25 Principal Life Ins. Co. v. Robinson, 394 F.3d 665, 669 (9th Cir.
26 2005).  The traditional ripeness standard is "whether 'there is a
27 substantial controversy, between parties having adverse legal
28 interests, of sufficient immediacy and reality to warrant the

**United States District Court**
For the Northern District of California

1   issuance of a declaratory judgment.'" Id. (quoting Md. Cas. Co. v.

2   Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941)).

3       Centex argues that Plaintiffs' claims are unripe because those

4   claims depend upon Centex's future, hypothetical refusal to

5   acknowledge Plaintiffs' right to control Centex's defense in the

6   Underlying Action.  Mot. at 3-4.  Plaintiffs reply that Centex's

7   acceptance of Mr. Lee as counsel was under a reservation of rights

8   and conditioned on Plaintiffs' agreement to pay Mr. Lee's fees as

9   well as all vendor invoices in the action, even though other

10  insurers were also defending Centex.  Additionally, Plaintiffs

11  point out that Centex asserted its right to retain counsel of its

12  choice due to an alleged conflict between Centex and Mr. Lee.  FAC

13  ¶ 17.  Plaintiffs argue that these demands constitute refusal to

14  allow them to control the defense, despite Centex's express

15  statement to the contrary.  Opp'n at 6-7.

16      "Where the jurisdictional issue is separable from the merits

17  of the case, the judge may consider the evidence presented with

18  respect to the jurisdictional issue and rule on that issue,

19  resolving factual disputes if necessary." Thornhill Pub. Co. v.

20  Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

21  "However, where the jurisdictional issue and substantive issues are

22  so intertwined that the question of jurisdiction is dependent on

23  the resolution of factual issues going to the merits, the

24  jurisdictional determination should await a determination of the

25  relevant facts on either a motion going to the merits or at trial."

26  Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983).

27  Here, the jurisdictional issue is not separable from the merits of

28  the case: both ripeness and Plaintiffs' substantive claims depend

11

**United States District Court**
For the Northern District of California

on the truth of its contention that Centex has refused to allow
Plaintiffs to control the defense.   Accordingly, the Court will
consider only the factual allegations in the FAC, and will presume
them to be true.

That said, the Court finds that Centex's letter in response to
Plaintiffs' reservation of rights is incorporated by reference into
the FAC.   The incorporation by reference doctrine permits the Court
to "take into account documents whose contents are alleged in a
complaint and whose authenticity no party questions, but which are
not physically attached to the [plaintiff's] pleading." Knievel v.
ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).   The FAC alleges the
contents of the letter in Paragraph 17, and Centex attaches the
letter as an exhibit to a declaration filed with its motion to
dismiss.   See ECF No. 21-1 ("O'Connell Decl.") Ex. B (the "Centex
Letter").   Its contents are not in dispute.

Plaintiffs argue that "[t]he allegations [in the FAC] clearly
state that Centex breached by refusing counsel."  Opp'n at 12
(emphasis added).   Not so.   Paragraph 17 of the FAC summarizes the
contents of the Centex Letter but states only that Centex
conditioned its acceptance of Mr. Lee as counsel upon Plaintiffs'
agreement to pay his fees.   Given that Travelers was already
obligated to defend Centex under the insurance policies, the Court
cannot conclude that asking Travelers to pay for the lawyer it
appointed in any way constituted refusal of Plaintiffs' choice.   It
is true that the FAC later characterizes the Centex Letter as a
refusal to allow Plaintiffs to appoint counsel.   See FAC ¶¶ 20(c),
25(c).   But the FAC does not allege any communication from Centex
other than the Centex Letter, and it is clear that the Centex

12

**United States District Court**
For the Northern District of California

1  Letter does not refuse to allow Plaintiffs to appoint counsel or
2  control the defense.
3      Next, the Court turns to the issue of Centex's insistence that
4  Plaintiffs pay all expert and vendor fees as a condition for
5  accepting appointment of Mr. Lee as co-counsel.  Plaintiffs take
6  issue with this condition because other insurers are also involved
7  in Centex's defense in the underlying action, and Plaintiffs
8  apparently believe that Centex is obliged to divide these fees and
9  costs among its insurers.  Again, Plaintiffs are incorrect.  In
10  Travelers Property Casualty Company of America v. Centex Homes, the
11  undersigned held that cooperation clauses similar to those at issue
12  here did not create a duty to tender a case to other insurers, and
13  that it was the insurer's responsibility to seek contribution.
14  Travelers Prop. Cas. Co. of Am. v. Centex Homes, No. 11-3638-SC,
15  2013 WL 1411135, at *4 (N.D. Cal. Apr. 8, 2013) (Conti, J.).
16  Moreover, "[a]n insurer generally cannot use its right to seek
17  contribution from other insurers to avoid fronting an insured's
18  full defense costs." Id. at *3 (citing Armstrong World Indus.,
19  Inc. v. Aetna Cas. & Sur. Co., 45 Cal. App. 4th 1, 105-06 (Cal. Ct.
20  App. 1996)).  As a matter of law, therefore, Centex's request that
21  Plaintiffs pay all of its expert and vendor costs cannot constitute
22  a refusal to allow Travelers to control the defense.
23      Nor can Centex's warning about Mr. Lee's potential conflicts
24  of interest be construed as a refusal to allow Plaintiffs to
25  control Centex's defense.  California law provides that "[i]f the
26  provisions of a policy of insurance impose a duty to defend upon an
27  insurer and a conflict of interest arises which creates a duty on
28  the part of the insurer to provide independent counsel to the

**United States District Court**
For the Northern District of California

insured, the insurer shall provide independent counsel to represent the insured . . . ."  Cal. Civ. Code § 2860(a).  Stating that Centex might choose to exercise that statutory right does not mean that Centex refused to allow Plaintiffs to appoint counsel or control the defense.  Accordingly, Plaintiffs' claims are not yet ripe.[4]

A judge in the Eastern District of California recently reached a similar conclusion.  In <u>Fidelity & Guaranty Insurance Co. v. Centex Homes</u>, Centex sent a letter to its insurer allowing the insurer to appoint co-counsel for Centex's defense.  But Centex also explained, as it did here, that Centex believed it was entitled to independent counsel and would allow the insurer to appoint co-counsel subject to a full reservation of rights.  No. 1:14-CV-826-LJO-GSA, 2014 WL 4075999, at *3 (E.D. Cal. Aug. 15, 2014).  Judge O'Neill found that the letter did not constitute refusal to accept the insurer's appointed counsel.  Accordingly, he dismissed the insurer's claims as unripe.  <u>Id.</u> at *4.

Thus, the Court finds that Plaintiffs' claims based on Centex's alleged breach of its duty to cooperate are unripe, as Centex has not yet refused to allow Travelers to appoint counsel. Centex explicitly stated that it "will allow Travelers, subject to a full reservation of rights, to appoint co-counsel to participate in the defense of Centex in [the Underlying Action] . . . ."

---

[4] In their opposition brief, Plaintiffs complain that "[i]f there are any claims that could be riper, Travelers does not know what they are."  That is an odd turn of phrase.  Just because Plaintiffs believe that they have been wronged does not necessarily mean, as a matter of law, that they must have ripe claims.  The issue is not that Plaintiffs have failed to identify the correct legal claims arising from these facts, but that the facts <u>as they stand now</u> do not give rise to ripe claims.

**United States District Court**
For the Northern District of California

1   Centex Letter.  These claims are DISMISSED WITHOUT PREJUDICE.
2   Plaintiffs may amend these claims if they become ripe.  It should
3   be noted, however, that this ruling <u>does not</u> apply to Plaintiffs'
4   declaratory relief claim regarding Newmeyer's fees.  Plaintiffs
5   also seek a declaration that they are not obligated to pay any of
6   Newmeyer's fees, because those fee payments constitute voluntary
7   payments that Plaintiffs need not reimburse.  As Centex
8   acknowledges, that claim is ripe for adjudication.  Reply at 4.

9   ## 2.   <u>Equitable Reimbursement</u>

10      "To state a claim for equitable reimbursement, Plaintiffs must
11  plead that (1) they agreed to immediately defend Defendant in the
12  [Underlying Action] in its entirety; (2) they paid money to defend
13  claims against Defendant 'that are not even potentially covered'
14  under the insurance policies; and (3) they reserved their right to
15  seek reimbursement."  <u>Travelers Indem. Co. of Conn. v. Centex
16  Homes</u>, No. 1:14-CV-217-LJO-GSA, 2014 WL 3778269, at *2 (E.D. Cal.
17  July 30, 2014) (<u>Travelers I</u>) (citing <u>Buss v. Super. Ct.</u>, 16 Cal.
18  4th 35, 47-50 (Cal. 1997)).  Generally speaking, "the cause of
19  action for equitable reimbursement is premised on a 'defend now
20  seek reimbursement later' theory."  <u>Travelers I</u> at *2 (citing <u>State
21  v. Pac. Indem. Co.</u>, 63 Cal. App. 4th 1535, 1549 (Cal. Ct. App.
22  1998)).

23      In this case, the FAC alleges only that "TRAVELERS <u>has paid or
24  will pay</u> certain defense fees and costs incurred by Defendant
25  CENTEX in defense in the Underlying Action."  FAC ¶ 37 (emphasis
26  added).  That is insufficient; to state a ripe claim for equitable
27  reimbursement, Plaintiffs must allege that they <u>paid money to
28  defend</u> Centex's claims in the Underlying Action, not that

15

**United States District Court**
For the Northern District of California

1  Plaintiffs will do so in the future.  As discussed above,

2  Plaintiffs do not contest the fact that they have not yet paid

3  anything to cover Centex's defense costs.  Consequently,

4  Plaintiffs' equitable reimbursement claim is unripe and is

5  DISMISSED WITHOUT PREJUDICE.  Plaintiffs may amend their complaint

6  if this claim becomes ripe.

7

8  **V.  CONCLUSION**

9       For the reasons set forth above, Centex's motion to dismiss is

10  GRANTED.  Plaintiffs' breach of contract and equitable

11  reimbursement claims are not ripe, and they are DISMISSED WITHOUT

12  PREJUDICE.  Plaintiffs' declaratory relief claims are also unripe

13  to the extent they are premised on violation of the duty to

14  cooperate.  Those claims, too, are DISMISSED WITHOUT PREJUDICE.

15  Travelers may amend its complaint if those claims become ripe.

16  Plaintiffs' declaratory relief claims remain undisturbed to the

17  extent that they seek a declaration that Plaintiffs have no

18  obligation to reimburse Centex for Newmeyer's fees.

19

20       IT IS SO ORDERED.

21

22  Dated: January 5, 2015          _____

23                                  UNITED STATES DISTRICT JUDGE

24

25

26

27

28